UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:23-cr-393-MSS-TGW

DEVIS JOSE MENDOZA PERNIA

### UNITED STATES' SENTENCING MEMORANDUM

Pursuant to this Court's Acceptance of Plea of Guilty and Adjudication of Guilt, the United States files this sentencing memorandum requesting a guideline sentence of Devis Jose Mendoza Pernia.

### Factual Background

On or about October 20, 2023, a maritime patrol aircraft (MPA) sighted a go-fast vessel (GFV) traveling in the international waters of the Caribbean Sea, approximately 75 nautical miles south of Isla Beata, Dominican Republic. The GFV was carrying numerous packages ("bales") and fuel barrels. It was not flying a flag or displaying other indicia of nationality. The United States Coast Guard Cutter VIGILANT was patrolling in the vicinity, diverted to intercept, and launched its helicopter and small boat with a law enforcement boarding team to intercept the GFV.

Once on scene, the VIGILANT small boat gained positive control of the GFV, and the embarked Coast Guard law enforcement boarding team conducted a right of visit (ROV) boarding to determine the nationality, if any, of the subject

vessel. The defendant, Devis Jose Mendoza Pernia, and his two co-defendants were the three crewmembers of the subject GFV. During the ROV boarding and in response to questioning by the Coast Guard boarding team, no claims of nationality were made for the GFV. The GFV was not flying a flag, had no name or registration numbers, and no claimed homeport.



Therefore, in accordance with 46 U.S.C. §§ 70502(c)(1)(A) and 70502(d)(1)(D), the Coast Guard treated the GFV as a vessel without nationality and thus a vessel subject to the jurisdiction of the United States. At the time of interdiction by the Coast Guard, the GFV was seaward of the territorial seas of any nation and in international waters.

The Coast Guard boarding team seized 22 bales containing approximately 687 kilograms of cocaine found in plain view onboard the GFV. The boarding team conducted two NIK field tests on the seized contraband, both of which tested

positive for cocaine. Subsequent analysis performed by the Southeast Laboratory of the Drug Enforcement Administration confirmed that the packages contained cocaine, and that the cocaine has a total net weight of approximately 540 kilograms.

## Procedural Background

On October 31, 2023, a federal grand jury returned a two-count indictment against defendants Devis Jose Mendoza Pernia, Gretser Jose Perozo Vargas, and Jose Luis Vargas. Doc. 1. Count One of that indictment charged the defendants with conspiring to possess with intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. *Id*. Count Two charged possession with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. *Id.*

On May 21, 2024, Devis Jose Mendoza Pernia pleaded guilty to Counts One and Two of the Indictment before the Honorable Magistrate Judge Thomas G. Wilson. Doc. 71. In this hearing, Devis Jose Mendoza Pernia admitted that he willingly agreed to transport at least five kilograms of cocaine aboard the GFV with his codefendants and others. The purpose of the agreement was to smuggle this cocaine through international waters and distribute the cocaine to other persons. Devis Jose Mendoza Pernia admitted he knew the packages onboard the GFV contained five or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture. This Court adjudicated Devis Jose Mendoza Pernia guilty on June 12, 2024, and scheduled his sentencing hearing for September 4, 2024. Doc. 83.

## Presentence Investigation Report

The initial presentence report (PSR) for Devis Jose Mendoza Pernia was filed on July 26, 2024. Doc. 88. It calculates a base offense level of 38 based on the weight of the cocaine. *Id.* at ¶ 17. In the initial PSR, Devis Jose Mendoza Pernia's total offense level (after application of safety-valve under USSG §5C1.2(a)(5), which results in a two-level decrease in his sentence, to level 36, under USSG §2D1.1(b)(18), a three-level acceptance of responsibility adjustment under USSG §3E1.1(a) and (b), and a two-level Chapter Four Adjustment) is 31. *Id.* at ¶¶ 18-26. The final PSR has not been filed as of the time of this memorandum, however it is anticipated that the total offense level of 31 will remain the same. A total offense level of 31 and criminal history category I leads to a guideline imprisonment range of 108 to 135 months. *Id.* at ¶ 52. The guidelines provide for a term of supervised release of between two and five years, a fine range of $30,000 to $20,000,000, and a $200 special assessment is mandatory. *Id.* at ¶¶ 56, 62, 61.

The Probation Officer did not identify any factors that would warrant a departure from the applicable sentencing guideline range. *Id.* at ¶70.

The government had no objections to the facts or calculations in the initial PSR. As of the date of this filing, Devis Jose Mendoza Pernia has not noted any objections to the initial PSR.

## United States Sentencing Position

The defendant pleaded guilty to violating 46 U.S.C. §§ 70503(a) and 70506(a)

and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) – i.e., conspiracy to possess with intent to distribute, and possession with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction – which sets forth a mandatory minimum term of imprisonment of ten years.

Devis Jose Mendoza Pernia and his two co-defendants are all scheduled to be sentenced on the same day.

The underlying offense involves the transportation of approximately 540 kilograms of cocaine across international waters by three crewmembers, one of whom was the defendant. The defendant was actively involved in the conspiracy to safeguard millions of dollars of drugs aboard a go-fast vessel, while also ensuring their secure delivery to their ultimate destination through his navigation efforts. This is a serious drug trafficking offense. *Moreno*, 134 F. App'x at 342 (11th Cir. 2005).

Section 3553 makes clear that the Court is to impose a sentence that will help promote a respect for the law, provide deterrence to the commission of any future offenses, and protect the public. *See* 18 U.S.C. § 3553.

Had Devis Jose Mendoza Pernia successfully completed his mission, immense harm to others could have arisen from the sale, purchase, and/or use of such a significant quantity of cocaine. Thus, a low-end Guidelines sentence will serve Section 3553's various interests.

## **CONCLUSION**

For the reasons set out in this memorandum, the Court should impose on defendant a guidelines sentence.

                          Respectfully submitted,

                          ROGER B. HANDBERG
                          United States Attorney

                          */s/ Ashley Haynes*
                          Ashley Haynes
                          Special Assistant United States Attorney
                          U.S. Attorney No. 216
                          400 N. Tampa Street, Suite 3200
                          Tampa, Florida 33602
                          Telephone:  (813) 274-6000
                          Facsimile:  (813) 274-6125
                          Email:  Ashley.Haynes@usdoj.gov

U.S. v. Mendoza Pernia, et al.          Case No. 8:23-cr-393-MSS-UAM

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Defense Counsel of Record.

_/s/ Ashley Haynes_
Ashley Haynes
Special Assistant United States Attorney
U.S. Attorney No. 216
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
Email: Ashley.Haynes@usdoj.gov